UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CRIMINAL NO. 22-CR-96 (CKK) |
| | : | |
| LAUREN HANDY, | : | |
| JONATHAN DARNEL, | : | |
| JAY SMITH (aka JUANITO PICHARDO), | : | |
| PAULA "PAULETTE" HARLOW, | : | |
| JEAN MARSHALL, | : | |
| JOHN HINSHAW, | : | |
| HEATHER IDONI, | : | |
| WILLIAM GOODMAN, | : | |
| JOAN BELL, and | : | |
| HERB GERAGHTY, | : | |
|     Defendants. | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT GERAGHTY'S MOTION TO MODIFY THE CONDITIONS OF HIS RELEASE, AND GOVERNMENT'S MOTION TO MODIFY THE REMAINING DEFENDANTS' CONDITIONS OF RELEASE**

Defendant Geraghty has asked the Court to rescind the condition of his release requiring him to avoid contact with his coconspirators, or any persons present at the reproductive health clinic where the crime took place. (ECF No. 128). The Government agrees that Defendant Geraghty's conditions of release should be consistent with those entered for his codefendants, and that Condition 7(g) should be modified to permit limited contact with codefendants. However, for the following reasons, the Government requests that this Court add a Condition 7(g) for all defendants that they be prohibited from discussing this case or similar anti-abortion activity with one another.

1

I.      **Procedural and Factual Background**

On March 30, 2022, a federal grand jury in the District of Columbia returned a two-count indictment charging Defendant Geraghty's codefendants with a conspiracy against rights, in violation of 18 U.S.C. § 241, and a violation of the Freedom of Access to Clinic Entrances Act, in violation of 18 U.S.C. § 248. (ECF No. 1). The codefendants were released, subject to various conditions pending trial. (*See* ECF Nos. 12-13, 29, 32-33, 35, 37, 39, 41). Those conditions did not include an order prohibiting contact with any codefendant. *Id*.

On October 14, 2022, consistent with the Court's pretrial scheduling order (ECF No. 104), the Government sought and obtained a superseding indictment adding Defendant Geraghty to the case. (ECF No. 113). Defendant Geraghty had his initial appearance and was released subject to the condition that he not contact his codefendants, or other individuals present at the reproductive health clinic where the crime took place – the latter group including both unindicted conspirators and victims of the offense. (ECF No. 128).

According to the superseding indictment, the Defendants planned and worked together to create a blockade at a reproductive health clinic. Several Defendants traveled to the District from out of state to participate in the pre-planned blockade, which included Geraghty whose travel was arranged by Defendant Handy. Defendants Handy, Smith, Harlow, Marshall, Hinshaw, Idoni, Goodman, Bell, and Geraghty forcefully entered the clinic and used their bodies, chairs, chains, and locks to prevent the clinic from providing, and patients from obtaining, reproductive health services. Defendant Darnel advertised and livestreamed the clinic blockade on Facebook. Eight of the Defendants who participated in the blockade were arrested by police officers from Metropolitan Police Department (MPD). Geraghty, who was a full participant in the clinic invasion, evaded arrest by exiting the building shortly before MPD made arrests.

**II.      Applicable Law**

Consistent with 18 U.S.C. § 3142(c), this Court may impose conditions of release to reasonably assure the appearance of a defendant, and the safety of the community, including restricting a defendant's "personal associations" or contact with any "victim" and "potential witness." 18 U.S.C. § 3142(c)(1)(B)(iv) and (v).

**III.     Discussion**

The Defendants' conditions of release must be sufficient to ensure the safety of the community. Here, all ten Defendants made a conscious choice to disregard the law and risk arrest to promote their own personal beliefs. They agreed to travel to the District of Columbia to commit a crime and risk arrest. Then, they forcefully entered into a reproductive health clinic, and blockaded the facility that interfered with patients and health care providers. Following their arrests, each arrested Defendant freely admitted to investigators that they participated in the blockade to "rescue" unborn children. The Government's evidence, coupled with several of the Defendants' criminal histories, will demonstrate that they had planned in advance to coalesce, execute a blockade, livestream the blockade to a global audience, be arrested as a result, and respond consistently to questions from law enforcement. Each Defendant, including Geraghty, was an active participant in this scheme throughout.

Perhaps as troubling, they also aligned the stories they would tell law enforcement following arrest. Given that the Defendants made a conscious choice to risk arrest and break the law for their personal beliefs, their conditions of release should be specifically tailored to prevent them from engaging in such conduct again. Therefore, any contact by and between the Defendants should be limited, and they should be prohibited from discussing this case or similar anti-abortion crimes. Modifying Defendant Geraghty's Condition 7(g) of release, and adding the same

3

Condition to the remaining Defendants, will ensure the safety of the community by preventing the Defendants from conspiring to again put their personal beliefs above the rule of law.

### IV.     Conclusion

For the foregoing reasons, the Government requests a modification to Defendant Geraghty's conditions of release, and that the remaining Defendants' conditions include the same.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

KRISTEN M. CLARKE
Assistant Attorney General
Civil Rights Division
By: /s/ Sanjay Patel
Sanjay Patel
Trial Attorney
IL Bar Number 6272840
Criminal Section
Civil Rights Division
U.S. Department of Justice
150 M Street NE, 7.121
Washington, D.C. 20530
(202) 307-6188
Sanjay.Patel@usdoj.gov

Elizabeth Aloi
Assistant United States Attorney
DC Bar Number 1015864
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-7212
Elizabeth.Aloi@usdoj.gov