UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case Number: 22-CR-096-10 CKK |
| | : | |
| | : | |
| HERB GERAGHTY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**DEFENDANT'S REPLY TO THE GOVERNMENT'S RESPONSE
FOR REVIEW AND MODIFICATION OF THE PRETRIAL RELEASE ORDER**

Comes now Herb Geraghty, through court appointed counsel in reply to the government's response to the application for relief.

*Procedural Posture*

Defendant Geraghty was formally charged by a Superseding Indictment (ECF 113) on October 14th, 2022. The Initial Appearance occurred on October 21st, 2022, and the defendant was subsequently released on an Appearance Bond with Special Conditions of Release (ECF 128)  A Status Hearing was held on October 24th, 2022. On October 31st, 2022, the Defense filed a Motion for Review of the Release Conditions. (ECF 132) The government filed a response on November 4th, 2022 (ECF 133)  Defendant's reply is due on or before November 11th, 2022. A Status Conference is scheduled for December 22nd, 2022, and the trial is scheduled to begin on August 9, 2023.

1

*Applicable Law*

The First Amendment to the Constitution of the United States of America states that: Congress shall make no law respecting an establishment of religion or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

*Argument*

I.  The Release Conditions Should Focus on Conduct in lieu of Expressive Association and Freedom of Speech which are Clearly Protected Under the First Amendment.

A.  *Conduct Proscription - Protecting Potential Witness*

From the outset the court is advised that Defendant Geraghty has no objection to a condition that there be no contact with any potential witnesses or victims that may be identified by the government and/or contemplated pursuant to 18 USC 3142(c)(1)(B)(v).

B.  *Expressive Conduct - Place and Manner Restrictions*

Furthermore, Defendant Geraghty has no objection to a proscription that there be no visitation at the facility or attempt to engage in any demonstrations at the facility, which is the subject of the charging document, notwithstanding a basis for argument to the contrary. *Cox v. Louisiana*, 85 S.Ct. 476, (1965), (Cf *Grayned v. City of Rockford*, 2 S.Ct. 2294 (1972)   Although, proscribed conduct should not include expressive association, *Cox v. Louisiana*, 85 S.Ct. 476, (1965), where the Court contrasted picketing and parading with a newspaper comment and a telegram by a citizen to a public official. *See also, Erznoznik v. City of Jacksonville*, 95 S.Ct. 2268, 2272, (1975); *Adderley v. Florida*, 87 S.Ct. 242, (1966); and *Kovacs v. Cooper*, 3 69 S.Ct. 448, (1949).

The cited cases stand for the proposition that the government may adopt reasonable time, place, and manner regulations regarding **conduct**, which do not discriminate among speakers or

ideas, to further an important governmental interest **unrelated to the restriction of communication**. For example, parading and picketing activities are said to constitute conduct "intertwined with expression and association," whereas the newspaper comment and the telegram were described as a "pure form of expression" involving "free speech alone" rather than "expression mixed with particular conduct." Id., at 563-564, 85 S.Ct., at 480-481. The First Amendment right to " 'speak one's mind . . . on all public institutions' " includes the right to engage in " 'vigorous advocacy' no less than 'abstract discussion.' " *New York Times Co. v. Sullivan*, 84 S.Ct., at 721, quoting *Bridges v. California*, 62 S.Ct. 190, 197, (1941), and *NAACP v. Button*, 83 S.Ct., at 335.

C. Expressive and Political Association - Is Embedded in the First Amendment.

1. Political Association

It appears that the government has conceded that there is no legal or factual basis to support separating or isolating Defendant Geraghty from his co-defendants. As a result, the government has decided to ignore the Constitutional Mandate and deny all the defendants and presumably any future defendants, of their individual and collective right to both expressive and political association. The thrust of the Government's argument that Defendant Geraghty and his co-defendants should be denied their First Amendment right to association rests on the yet to be supported statement appearing on Page 3 in the Second Paragraph of its response. Wherein the Government states without evidence; **"Perhaps as troubling, they also aligned the stories they would tell law enforcement."** Assuming without conceding that the assertion has a basis in fact, it does not appear to rise to the level of obstruction. Indeed, it is also reasonable to assume that there was planning and coordination before their demonstration. It is also likely that the Defendants had a collective mindset on the likelihood of their being arrested. However, none of

those assumptions can be the basis for denying any of them their First Amendment Right to Free Speech and Expressive Association.

The First Amendment protects political association as well as political expression. The constitutional right of association was clarified in *NAACP v. Alabama*, 78 S.Ct. 1163, 1170, (1958), stemmed from the Court's recognition that "(e)ffective advocacy of both public and private points of view, particularly controversial ones, is undeniably enhanced by group association." Subsequent decisions have made clear that the First and Fourteenth Amendments guarantee " 'freedom to associate with others for the common advancement of political beliefs and ideas,' " a freedom that encompasses " '(t)he right to associate with the political party of one's choice.' " *Kusper v. Pontikes*, 94 S.Ct. 303, 307 (1973), quoted in *Cousins v. Wigoda*, 95 S.Ct. 541, 547, (1975).

The Supreme Court's decisions involving associational freedoms establish that the right of association is a "basic constitutional freedom," *Kusper v. Pontikes*, 94 S.Ct., at 307, that is "closely allied to freedom of speech and a right which, like free speech, lies at the foundation of a free society." *Shelton v. Tucker,* 81 S.Ct. 247, 251, (1960). *See, e. g., Bates v. Little Rock*, 80 S.Ct. 412, 416, (1960); *NAACP v. Alabama*, supra, 78 S.Ct., at 1170-1171; *NAACP v. Button*, supra, 83 S.Ct., at 347 (Harlan, J., dissenting). In view of the fundamental nature of the right to associate, governmental "action which may have the effect of curtailing the freedom to associate is subject to the closest scrutiny." *NAACP v. Alabama*, supra, 78 S.Ct., at 1171. Hence, for both legal and practical reasons, the court should reject the government's proposed solution to their self-imposed quandary.

II. *Expressive Association*

Expressive Association refers to the right to associate for expressive, often political purposes. Thus, "implicit in the right to engage in activities protected by the First Amendment [is] a

corresponding right to associate with others in pursuit of a wide variety of political, social, economic, educational, religious, and cultural ends." *Roberts v. United States Jaycees*, 104 S.Ct. 3244; *NAACP v. Claiborne Hardware Co.*, 102 S.Ct. 3409, (1982) (holding that a boycott is constitutionally protected activity and that "[t]he established elements of speech, assembly, association, and petition, 'though not identical, are inseparable,' " (quoting *Thomas v. Collins*, 65 S.Ct. 315, (1945)) and are vehicles through which citizens can effect social and economic change and thereby "change a social order that had consistently treated them as second-class citizens"). *See also Gay Lib v. Univ. of Missouri*, 558 F.2d 848, 853 n. 9 (8th Cir.1977) (finding it inimical to First Amendment values to deny individuals "the fundamental right to meet, discuss current problems, and to advocate changes in the status quo" (quoting *Gay Alliance of Students v. Matthews*, 544 F.2d 162, 166 (4th Cir.1976)

As, previously stated, but worth repeating, the right to expressive association refers to the right of people to associate together for expressive purposes which are often political in nature. The Supreme Court recognized this right in *NAACP v. Alabama* 78 S.Ct. 1163, 1170 (1958), reasoning that individual members of the civil rights group had a right to associate together free from undue state interference.[1] The right to expressive association protects the vigorous advocacy of lawful ends. *NAACP v. Button*, 83 S.Ct. 328, (1963) (finding that litigation is a form

---

[1] *NAACP v. Alabama*, 357 U.S. 449, 460, 78 S.Ct. 1163, 1170, 2 L.Ed.2d 1488 (1958) stating It is beyond debate that freedom to engage in association for the advancement of beliefs and ideas is an inseparable aspect of the 'liberty' assured by the Due Process Clause of the Fourteenth Amendment, which embraces freedom of speech. (Citing; Gitlow v. New York, 268 U.S. 652, 666, 45 S.Ct. 625, 629, 69 L.Ed. 1138; Palko v. Connecticut, 302 U.S. 319, 324, 58 S.Ct. 149, 151, 82 L.Ed. 288; Cantwell v. Connecticut, 310 U.S. 296, 303, 60 S.Ct. 900, 84 L.Ed. 1213; Staub v. City of Baxley, 355 U.S. 313, 321, 78 S.Ct. 277, 281, 2 L.Ed.2d 302.

of political expression— "a means for achieving the lawful objectives of equality of treatment"—that the state could not restrict under its power to regulate the legal profession).

Hence, organizational activity, whereby citizens seek, through lawful means, to achieve legitimate political ends, is protected as a component of the right to associate to advance beliefs and ideals. *Id*. at 430, 83 S.Ct. 328; see also *California Democratic Party v. Jones*, 120 S.Ct. 2402, (2000) (stating "the First Amendment protects the freedom to join together in furtherance of common political beliefs"). Thus, the right to free speech includes the right to attempt to persuade others to change their views, and it may not be curtailed simply because the speaker's message may be offensive to his audience. *Hill v. Colorado*, 120 S.Ct. 2480 (2000). Indeed, "political belief and association constitute the core of those activities protected by the First Amendment." *Elrod v. Burns*, 427 U.S. 347, 356, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976) (plurality opinion). "An individual's freedom to speak, to worship, and to petition the government for the redress of grievances could not be vigorously protected from interference by the State unless a correlative freedom to engage in group effort toward those ends were not also guaranteed." *Roberts v. United States Jaycees* 468 U.S. 609, at 622, 104 S.Ct. 3244; *see also Berkeley*, 454 U.S. at 294, 102 S.Ct. 434 (involving ordinance placing monetary limits on contributions to ballot measures). "According protection to collective effort on behalf of shared goals is especially important in preserving political and cultural diversity and in shielding dissident expression from suppression by the majority." *Roberts*, 468 U.S. at 622, 104 S.Ct. 3244; *Button*, 371 U.S. at 431, 83 S.Ct. 328 (finding that the activities of the *NAACP* are modes of expression and association protected by the First and Fourteenth Amendments); *NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449, 462, 78 S.Ct. 1163, 2 L.Ed.2d 1488 (1958) (finding compelled disclosure of affiliation with groups engaged in advocacy a restraint on freedom of association).

*Conclusion*

While it may be appropriate in some circumstance to put public conduct restrictions in place, as a condition of release[2], the court should be hesitant to prohibit expressive conduct and association which takes place in a private setting or through online communication networks.

*Prayer*

As a result, Defendant Geraghty prays that the court will remove the special condition, denying him association and communication with his friends and associates whose names appear on the Indictment.

.                                           Respectfully submitted,

                                            ANTHONY D. MARTIN, PC


                                            By:   /S/_____
                                            Anthony D. Martin, 362-537
                                            GREENWAY CENTER OFFICE PARK
                                            7474 Greenway Center Drive, Ste 150
                                            Greenbelt, MD 20770
                                            (301) 220-3700; (301) 220-1625(fax)


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Motion for Continuance, was sent electronically on November 11, 2022 to the following:

---

[2] *See, e.g. Cox v. Louisiana*, supra; *Adderley v. Florida*, 87 S.Ct. 242, (1966); and Kovacs v. Cooper, 69 S.Ct. 448, (1949). Those cases stand for the proposition that the government may adopt reasonable time, place, and manner regulations, which do not discriminate among speakers or ideas, to further an important governmental interest unrelated to the restriction of communication. *See Erznoznik v. City of Jacksonville*, 95 S.Ct. 2268, 2272, (1975). O'Brien, where the method of expression was held to be subject to prohibition, Cox, Adderley, and Kovacs involved place or manner restrictions on legitimate modes of expression picketing, parading, demonstrating, and using a sound truck

**Elizabeth Ann Aloi, AUSA**
U.S. ATTORNEY'S OFFICE/DISTRICT OF COLUMBIA
555 4th Street, NW
Washington, DC 20003


**Molly Gulland Gaston, AUSA**
U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
555 Fourth Street, NW
Washington, DC 20530


**Sanjay Harivadan Patel, AUSA**
DOJ-CRT
Civil Rights Division, Criminal Section
950 Pennsylvania Avenue NW.
Washington, DC 20004

                                                /S/_____
                                                Anthony D. Martin, 362-537