UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> LAUREN HANDY, *et al.*, <br><br> Defendants. | Criminal Action No. 22-096 (CKK) |

**ORDER**
(February 6, 2023)

This matter is before the Court on *sua sponte* review of Defendant Handy's[1] [159] Motion to Dismiss for Lack of Jurisdiction. In part, Defendant moves to dismiss the [113] Superseding Indictment based on the Supreme Court's statement in *Dobbs v. Jackson Women's Health Org.*, 142 S. Ct. 2228 (2022) that "the Constitution does not confer a right to abortion." *Id.* at 2279. As a threshold matter, and without the benefit of full briefing, it appears that Defendant's constitutional argument is predicated on the false legal premise that the predicate statute at issue in the [113] Superseding Indictment only regulates access to abortion. In fact, it regulates a broad category of "reproductive health services," including, among other things, "counselling or referral services." *See* 18 U.S.C. § 248(5). Nevertheless, to the extent that Defendants seek resolution of this matter via a constitutional holding, the Court will require additional briefing.

Again, Defendant relies on the Supreme Court's statement in *Dobbs* that "the Constitution does not confer a right to abortion." 142 S. Ct. at 2279. Over the past several months since its pronouncement, this statement is often read as the Court's holding, i.e., that the Supreme Court

---

[1] Since the docketing of Defendant's Motion, almost every other Defendant in this matter has filed a notice indicating that they join this Motion.

1

held that *no* provision of the Constitution extends any right to reproductive health services. For its part, and without the benefit of fuller briefing, the Court is uncertain that this is the case.

Although such broad pronouncements, sometimes termed "legislative holdings," have sensible appeal as a heuristic for a legal decision's binding effect, the true "holding" of a case is limited at its very broadest to "the reason for the decision," sometimes called its "ratio decidendi," involving all the parties' relevant argumentation and legally salient facts. *See, e.g.*, *Ramos v. Louisiana*, 140 S. Ct. 1390, 1404 (2020) (Gorsuch, J.); *see also* Arthur L. Goodhart, *Determining the* Ratio Decidendi *of a Case*, 40 Yale L.J. 161, 163 (1930). As Judge Friendly more colorfully put it, "[a] judge's power to bind is limited to the issue that is before him; he cannot transmute dictum into decision by waving a wand and uttering the word 'hold.'" *United States v. Rubin*, 609 F.2d 51, 69 n.2 (2d Cir. 1979) (concurring op.). "Issues" are most often decided by the parties in how they present their dispute and, crucially, the arguments they advance before the Court. As the Supreme Court explained long ago, the reason for limiting a "holding" to the issues actually considered and decided is to ensure that a particular pronouncement on "[t]he question actually before the Court [that was] investigated with care" is not inadvertently applied to some other issue that the Court in that prior case did not "completely investigate[]." *Cohens v. Virginia*, 6 Wheat. (19 U.S.) 164, 399-400 (1821); *see also* Lawrence B. Solum, *The Supreme Court in Bondage: Constitutional Stare Decisis, Legal Formalism, and the Future of Unenumerated Rights*, 9 U. Pa. J. Const. L. 155, 189 (2006).

Here, the "issue" before the Court in *Dobbs* was not whether *any* provision of the Constitution provided a right to abortion. Rather, the question before the Court in *Dobbs* was whether the *Fourteenth Amendment* to the Constitution provided such a right. Petition for Writ of Certiorari at 1 ("This case involves the United States Constitution amendment XIV, § 1, and

2

Mississippi's House Bill 1510[.]"). That is why neither the majority nor the dissent in *Dobbs* analyzed anything but the Fourteenth Amendment. In fact, on the Court's initial review, not a single amicus brief mentioned anything but the Fourteenth Amendment and the unratified Equal Rights Amendment. Mindful that that this Court is bound by holdings, and in consideration of the Supreme Court's longstanding admonition against overapplying its own precedent, it is entirely possible that the Court might have held in *Dobbs* that some other provision of the Constitution provided a right to access reproductive services had *that* issue been raised. However, it was not raised.

Of those provisions that might contain *some* right to access to such services, the Thirteenth Amendment has received substantial attention among scholars and, briefly, in one federal Court of Appeals decision. *E.g.*, Andrew Koppelman, *Forced Labor: A Thirteenth Amendment Defense of Abortion*, 84 Nw. U. L. Rev. 480 (1990); *Jane L. v. Bangerter*, 61 F.3d 1505, 1514-15 (10th Cir. 1995). Therefore, and to ensure the correct and just disposition of this criminal action, the parties shall address in their forthcoming briefing: (1) whether the scope of *Dobbs* is in fact confined to the Fourteenth Amendment and (2) whether, if so, any other provision of the Constitution could confer a right to abortion as an original matter, which may or may not be addressed in *Dobbs*, such that *Dobbs* may or may not be the final pronouncement on the issue, leaving an open question. In addition, the parties shall also address the current crux of this case, the scope of the statutes charged, and any other issues the parties may intend to raise.

Because the Court is requesting the parties to address additional issues, the Court extends the schedule for the briefing of non-evidentiary pretrial motions. The Government shall file its response on or before **March 3, 2023**, and Defendant(s) shall file their reply on or before **March 17, 2023**. Additionally, as the Court is ordering substantial briefing, the parties may exceed

reasonably the page limits set by the local rules. All other deadlines in the [154] Amended Pretrial Scheduling Order stand.

**SO ORDERED**.

**Dated:** February 6, 2023

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge
