IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES, | ) | |
| v. | ) | Crim. No.22cr96 |
| HERB GERAGHTY, | ) | Hon. Colleen Kollar-Kotelly |
| Defendant. | ) | |

DEFENDANT'S OBJECTIONS TO DRAFT PRESENTENCE REPORT

Comes now Defendant Herb Geraghty and objects to the Draft Presentence Report ("PSR") as follows:

1. Para. 40 – Mr. Geraghty did not "push and shove against medical specialist Ms. Proctor." The video evidence reveals Mr. Geraghty standing in the press of people waiting to enter – and being pushed from behind into the clinic once the door was opened by someone else.

2. Para. 43 – the video evidence reveals that no one forced Ms. Holler to the ground or prevented (especially by pushing) her from getting back up.

3. Para. 47 – the video evidence reveals that Mr. Geraghty was not in the clinic when the police ordered the rescue participants to leave – this should be made clear.

4. Para. 60 – co-defendant Harlow did not knock Ms. Smith into a chair. The video evidence shows Ms. Smith reacting with such violence that she lost her balance and fell into the chair.

5. Para. 66 – the author uses the conjunctive in claiming that Defendant Geraghty assisted by recruiting participants and crafting a press release. There is no evidence as to the former.

1

6. Paras. 70, 82, 88 – the author assigns a two level enhancement for obstruction of justice (false testimony). Mr. Geraghty testified truthfully that he is opposed to abortion, and that he participated in the rescue because he believed partial birth abortions were being performed at the clinic. This testimony was uncontroverted. He further testified that he had no intention physically to "block" anyone. No part of the video shows Mr. Geraghty blocking anyone and no part of the verdict inexorably contradicts any of his statements.

7. Para. 75 – the conduct of Count 2 is comprised within the conspiracy subject of Count 1. The two counts should be grouped.

8. Para. 79 – the video evidence reveals no physical restraint of Ms. Holler. Without conceding any denial of access by Mr. Geraghty, such conduct would not equate to or necessarily comprise physical restraint.

9. Paras. 80, 86 – Given that the statute of conviction arguably comprises denial of access by other than physical means (and without conceding such), Ms. Holler's and Ms. Jones' pregnancies do not equate to vulnerability for purposes of the statutes subject of Mr. Geraghty's conviction.

10. Para. 127 – Mr. Geraghty has never been prescribed Xanax.

11. Paras. 187-89 – the author states simultaneously that she sees no circumstance not adequately considered in the Guidelines, but that a variance is warranted "based on the following factor," while following with no such factor – and finally opines that an upward variance may be appropriate. The second (impossible to assess in any event as she never identifies the subject "following factor") and third averments contradict the first.

12. Para. 190 – the sentences of the five comparison defendants are meaningless for purposes of consideration in this case without the context of their convictions.  Count 1 was enacted to punish Klansmen – a far cry from Mr. Geraghty's non violent conduct as revealed in the video evidence.   The comparison sentences on offer serve no purpose unless those defendants were sentenced for conduct similar to Mr. Geraghty's.

        Respectfully Submitted,

        HERB GERAGHTY
        By Counsel

        _____/s/_____
        John C. Kiyonaga
        510 King Street, Ste. 400
        Alexandria, Virginia 22314
        Telephone: (703) 739-0009
        Facsimile: (703) 340-1642
        E-mail: john@johnckiyonaga.com

        Counsel for the Defendant

## Certificate of Electronic Service

I hereby certify that on March 17, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, with consequent service on all parties.

        _____/s/_____
        John C. Kiyonaga