IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF THE DISTRICT OF COLUMBIA

_____
)
UNITED STATES,                               )
)
v.                               )          Crim. No.22cr96
)          Hon. Colleen Kollar-Kotelly
HERB GERAGHTY,                               )
Defendant.                          )
_____)

<u>DEFENDANT'S SUPPLEMENT TO HIS POSITION ON SENTENCING</u>

Comes now Defendant Herb Geraghty and supplements his Position on Sentencing (Doc 548) and, further, responds to the Government's sentencing position as articulated in its Government's Sentencing Memorandum ("GSM") (Doc 546) and Government's Reply to Defendant's Sentencing Memorandum ("GRSM") (552).

**Supplement to Position on Sentencing**

Defendant supplements herewith his Position on Sentencing ("POS") with character references from Beth Fox, Maria Oswalt, Kaine Spitak, and Kathleen Bereznyak, attached.

<u>Grouping</u>

Defendant notes a typographical error in his POS at para. 7. The first sentence following the quoted language of the Sentencing Guidelines erroneously refers to "Count 1" where it should refer to Count 2. The passage should read:

> "The putative victims of the substantive count are fully comprised within those of the conspiracy count and the operative act charged in Count 2 was the object of the charged conspiracy…

The intent of the Guidelines' instruction as to grouping is clearly expressed in the first sentence of the operative provision.

1

> "All counts involving substantially the same harm **shall** be
> grouped together into a single group.

USSG Sec 3D1.2 (emphasis added).

The counts at bar comprise not only substantially, but exclusively, one (putative) harm - the prevention of abortions at the SurgiClinic - as accomplished through the conjunction of two acts: agreement and execution – expressed discretely in the two counts.  Moreover, the victims specified in the two counts are congruent: Patient A and the clinic employees (the latter described generically in the substantive count and specifically in the conspiracy count – which is expressly incorporated into the former).

Congruency as to objective and victims compels beyond cavil the grouping of the two counts.

> "The only real issue is whether these counts involved the same
> victim.
>
> ***
>
> " 'When one count charges a conspiracy or solicitation and
> the other charges a substantive offense that was the sole object
> of the conspiracy or solicitation, the counts **will** be grouped
> together under subsection [of Sec. 3D1.2] (b).'

*United States v. Williams*, 340 F. 3d 1231, 1245 (11th Cir. 2003) (quoting USSG Sec. 3D1.2, cmt. n. 4) (emphasis added).

**Response to Government's Sentencing Position**

No amount of purple verbiage changes the facts as reflected in the evidence.

No part of the testimonial evidence nor any part of the video evidence shows Defendant:

- "push[ing] or shov[ing] against Ms. Proctor" (GSM at 5),

- "block[ing] Ms. Holler" or "hover[ing] over" her as she sat on the floor (GSM at 8), or

- undertaking a physical act of "blocking" anything or anyone

at any point.

The proffered enhancements for restraint of a victim have been amply addressed in the

POS.

<u>Perjury</u>

The Government apparently believes that disagreement with a prosecutor constitutes

perjury.

> "Q. You were pushed into the clinic.  That's your testimony?
>
> "A. Yes, and it's visible in the video.
>
> ***
>
> "Q. So the people who were hiding in the stairwell with you
> used force to push you into the clinic; right?
>
> "A. No, I don't believe they were intentionally using force.
> I think they were walking forward, and it caused me to be shuffled
> into the clinic.

GSM at 9.

> "Q. You were so concerned about Ms. Harlow that you just walked
> past her and stepped over her; right?
>
> "A. Yeah.  At that point she was saying, 'I'm okay.  I'm okay.'
> So I stepped over her so I could get another view.
>
> ***
>
> "Q. [They were] [b]locking the doors, right?
>
> "A. *No. It doesn't look like they're in front of any doors.*
>
> "Q. So they're not blocking any clinic doors; is that what
> you're saying?
>
> "A.  I mean, it looks like they're blocking the closet door
> inside of the waiting room.

GSM at 10.

Defendant's answers disprove the Government's claim.  Aside from the fact that his answers accord with the video evidence, Defendant simply articulated a reasonable surmise about the subjective intentions of others and physical conduct as depicted in a video in simultaneous view of the questioner.

The Government conflates Defendant's reason for entering the clinic with his manner of doing so.

> "Specifically, Geraghty lied about both why he initially entered
> the Clinic (claiming that he was forced in by his coconspirators)…

GRSM at 2.

In fact, Defendant was consistently clear about his reason for participating – to stop the abortions within.  His statement about being pushed, however, refers to his manner of, not his reason for, entering the clinic – and is supported by the video evidence, in any event.

Without any supporting evidence, the Government claims:

> "[Geraghty lied about] why he entered the clinic a second time
> (claiming that he entered to attend to Defendant Harlow).

GRSM at 2.

Nothing refutes Defendant's stated motive to assist Ms. Harlow – and his decision to move on from her is consistent with the lack of any evidence that she actually required any physical assistance.

<u>Vulnerable Victim</u>

A patient returning to complete an abortion already underway (GRSM at 4) would not be unusual (i.e., vulnerable in comparison to other patrons) in a clinic, like SurgiClinic, that

performs late term abortions.  The rationale for declining this enhancement (as to Ms. Holler and

as to Ms. Jones) has already been adduced in the POS.

CONCLUSION

The Government urges a sentence in accord with its inflated guideline calculus based on

Defendant's honest depiction of his conduct as revealed in the evidence.

> "…Geraghty's arguments establish that a Guidelines sentence
> is necessary for deterrence.

GRSM at 6.

Defendant is entitled to advocate in his own defense – to include urging his own

(reasonable) view of the evidence.  Punishing him for doing so would be inimical to the proper

operation of the adversarial system that is American justice.

Respectfully Submitted,

HERB GERAGHTY
By Counsel

_____/s/_____
John C. Kiyonaga

120 N. St. Asaph Street
Alexandria, Virginia 22314
Telephone: (703) 739-0009
Facsimile: (703) 340-1642
E-mail: john@johnckiyonaga.com

Counsel for the Defendant

Certificate of Electronic Service

I hereby certify that on May 8, 2024, I electronically filed the foregoing with the Clerk of

Court using the CM/ECF System, with consequent service on all parties.

_____/s/_____
John C. Kiyonaga

5