| | |
|---|---|
| **From:** | Crabb, John D. (USADC) |
| **To:** | Kollar-Kotelly Chambers; Martin Cannon; Steve Crampton; bjasari@dennisboylelegal.com; ag3law@gmail.com; rjdunn928@yahoo.com; hwalshesq@gmail.com; jkiyonaga@earthlink.net |
| **Cc:** | Ross, Rebecca (USADC); Patel, Sanjay (CRT) |
| **Subject:** | U.S. v. Handy |
| **Date:** | Saturday, August 19, 2023 2:50:00 PM |

Chambers:

Thursday afternoon, during Agent Biscardi's testimony, Defendant Geraghty's counsel raised concerns about the admission of Gov's Ex. 4001A, which comprises the results of the search of Defendant Handy's cellular telephone. *See* Trans. 8/17 p.m. session, at pp. 86-90.  The government had understood that the defendants (including Mr. Geraghty) had stipulated to the authenticity of those records.

It is unclear to the government if Mr. Geraghty has reneged on the stipulation.  His counsel seemed to be raising an issue about the FBI forensic process used to extract the data from Defendant Handy's telephone.  But that process is simply a method of authentication.  Fed. R. Evid. 901(b)(9) (giving as an example, that an item of evidence may be authenticated by "Evidence About a Process or System. Evidence describing a process or system and showing that it produces an accurate result.").

In any event, to avoid any confusion in the future should Mr. Geraghty be convicted, we ask that the Court inquire of Mr. Geraghty's counsel as to the status of the stipulation.  If Mr. Geraghty has indeed reneged on the stipulation, the government is prepared to call the FBI CART Examiner, who processed Defendant Handy's telephone, to authenticate the data recovered from the telephone.

John Crabb